FILED by SW D.C.
ELECTRONIC

Jun 16 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 03-22063-CIV-UNGARO-BENAGES

SONIA WARING

    Plaintiff,

vs.

JUST PASSING TIME, INC., a
Florida corporation, TIMEPIECE
INTERNATIONAL, INC.,
a Florida corporation, ALAN AKOUKA,
an individual, and MOSHE KAMHAJI,
an individual,

    Defendants.
_____/

## JOINT PRE-TRIAL STIPULATION

Pursuant to Local Rule 16.1.E. of the Southern District of Florida and the Court's Order, the parties hereby submit their joint pre-trial stipulation as follows:

**1.    Short Concise Statement of Case**

**Plaintiff's Statement of the Case**

Sonia Waring was employed by Defendants as a bookkeeper from January 13, 2003 until on or about June 19, 2003. The Defendants in this case own and operate two companies that share the same office building. Both Timepiece and Just Passing Time are in the business of selling watches. Timepiece is run by Moshe Kamhaji. Just Passing Time is owned run by Alan Akouka. Both companies share some employees.

When Ms. Waring began to work for both companies, she had each company sign a letter outlining some of the terms of her employment. That document was signed by both Moshe Kamhaji and Alan Akouka. Ms. Waring's office was located in Timepiece's

office for most of the time that she worked for both companies. Ms. Waring took orders from both Alan Akouka and Moshe Kamhaji. Both companies shared employees and other functions. Timepiece and Just Passing Time therefore could be considered "joint employers" of Plaintiff.

The Fair Labor Standards Act provides that all employees are required to be paid overtime, or time and a half, for every hour worked over forty (40) hours per week, unless that employee is exempt. Ms. Waring's job duties did not come within any of the FLSA's exemptions. She was not a manager; nor was she a professional or otherwise exempt employee. Ms. Waring performed mostly bookkeeping functions. Ms. Waring worked more than forty (40) hours per week. However, she was paid a salary. Ms. Waring is entitled to be compensated for every hour she worked more than forty (40) hours per week at a rate of one and a half times her regular rate of pay. Her regular rate of pay could be calculated as dividing her weekly salary by the number of hours she worked per week. If, for instance, Ms. Waring worked fifty hours per week and received five hundred dollars, her regular rate of pay would be ten dollars an hour and she should have received fifteen dollars an hour for every hour over 40 hours per week.

Although Ms. Waring has no time records showing the number of hours that she worked, Defendants were obligated to keep records of her time worked pursuant to Department of Labor regulations. Defendants did not keep any such records.

### Defendants' Statement of the Case

Plaintiff was an administrative employee whose duties included handling customers' accounts, accounts payable and receivable, and communicating with customers of Just Passing Time. Pursuant to a written agreement with Just Passing Time,

Plaintiff was paid a salary without deduction for days or hours missed or not worked. As such, she is an exempt employee not entitled to overtime. Plaintiff never worked for Timepiece. She doe not have any record of the hours she claims to have worked for Just Passing Time. She claims that "notes" that she kept of such hours were inadvertently thrown out. The "chart" of such hours attached to her Rule 26 Disclosures in this case was prepared by her counsel based upon an e-mail that she sent him. Her counsel never saw or had in his possession the "notes" that Plaintiff claims to have kept. Plaintiff never had keys to Timepiece's office; she was always let in or out by Timepiece employee Ravid Toosya. Except for one day, Plaintiff always arrived after Toosya and left before him. There is a printout of all times when the alarm system at Timepiece's office was armed and disarmed (i.e., when the front door was opened and closed) between January 13, 2003 and June 19, 2003. The times on the printout do not match the hours that Plaintiff claims to have worked.

**2.    The Basis of Federal Jurisdiction.**

Jurisdiction of this action is conferred upon the court by section 16 (b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b). All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

**3.    The Pleadings Raising the Issues.**

1.    Plaintiff's Complaint

2.    Defendants' Answer and Affirmative Defenses.

**4.    A List of All Undisposed Motions or Other Matters Requiring Action by the Court.**

1.    Plaintiff's Motion for Summary Judgment.

3

**5.    Concise Statement of Uncontested Facts**

1.    Plaintiff was an employee of Defendants from January 13, 2003 until June 19, 2003.

2.    Defendant Just Passing Time, Inc. is a Florida corporation doing business in Miami-Dade County at all times relevant to Plaintiff's Complaint. Its principal place of business is in Miami-Dade County.

3.    Defendant Timepiece International, Inc. is a Florida corporation doing business in Miami-Dade County at all times relevant to Plaintiff's Complaint.  Its principal place of business is in Miami-Dade County.

4.    Defendant Just Passing Time is a watch import and export company that is owned and operated by Defendant Alan Akouka.

5.    Defendant Timepiece is a watch import and export company that is owned and operated by Defendant Moshe Kamhaji.

6.    Defendant Just Passing Time has gross sales of more than five hundred thousand dollars per ($500,000) year and is engaged in interstate commerce, or uses the instrumentalities of such.

7.    Defendant Timepiece has gross sales of more than five hundred thousand dollars per ($500,000) year and is engaged in interstate commerce, or uses the instrumentalities of such.

8.    Plaintiff Waring was paid a salary by Just Passing Time.

9.    Moshe Kamhaji had check signing authority for Just Passing Time during the time that Plaintiff worked for Just Passing Time.

10.    Plaintiff's weekly paycheck was exactly $673.00 (gross) for every week

that she worked from January 13, 2003 until on or about April 11, 2003. She was then given a pay raise to $723.00 per week (gross) and earned precisely that amount every week until June 19, 2003, which was her last paycheck. Plaintiff was paid exactly the same amount every week, without deduction for days or hours missed or not worked.

11. Plaintiff Waring does not have any time records pertaining to the times that she claims she started and stopped work.

12. Defendants did not keep any time records pertaining to the times that Plaintiff started and stopped work.

13. Plaintiff's office was located on the premises of Timepiece International's offices for the majority of the time that she worked.

**6.     Issues of Fact Which Remain to be Litigated**

1. Whether Plaintiff worked more than forty (40) hours per week.

2. Whether Plaintiff worked merely as a bookkeeper or had other duties and responsibilities that were administrative in nature.

3. Whether Plaintiff worked for Timepiece International.

**7.     Concise Statement of Issues of Law to Which There is Agreement**

1. This court has subject matter jurisdiction over this action.

2. Defendant Just Passing Time was an enterprise engaged in commerce as such terms as defined by the FLSA at all time material to Plaintiff's Complaint.

3. Defendant Timepiece was an enterprise engaged in commerce as such terms as defined by the FLSA at all time material to Plaintiff's Complaint.

4. Defendant Alan Akouka is an "employer" within the meaning of the FLSA.

5

5. In the event that Plaintiff prevails, Plaintiff may be entitled to liquidated damages.

6. Plaintiff may be entitled to reasonable attorney's fees should Plaintiff prevail in this matter.

7. Plaintiff may be entitled to reasonable costs should Plaintiff prevail in this matter.

8. Defendants may be entitled to reasonable costs should they or one of them prevail in this matter.

9. If Defendants are allowed to raise the administrative exemption defense, Defendants bear the burden of proving the applicability of the administrative exemption to Plaintiff's job duties.

**8.  Concise Statement of Issues of Law to be Decided**

1. Whether Defendants are entitled to raise the administrative exemption as a defense.

2. If Defendants are entitled to raise the administrative exemption defense, whether Plaintiff's job duties come within the FLSA's administrative exemption.

3. Whether Plaintiff would be entitled to injunctive relief should she prevail.

4. Whether Defendants had an obligation to keep records of the time Plaintiff spent working pursuant to 29 C.F.R. § 516.2.

5. Whether Defendants met their obligation to keep records of the time Plaintiff spent working, if had such an obligation.

6

6.     Whether Moshe Kamhaji and/or Timepiece International could be considered as "joint employers" in relation to Defendant Just Passing Time and/or Alan Akouka.

7.     Whether Moshe Kamhaji and/or Timepiece International could be considered as a "single employer" in relation to Defendant Just Passing Time and/or Alan Akouka.

**Plaintiff's Witnesses**

Plaintiff

Ryan Waring

Ravid Tooysa

**May be called:**

Lilian Bendayan

Cathy Melgarejo

All of Defendants' witnesses

All rebuttal witnesses

**Defendants' Witnesses**

Sonia Waring

Ryan Waring

Ravid Tooysa

Alan Lee Akouka

Moshe Kamhaji

**May call if the need arises:**

7

Dennis Cairus

Lilian Bendayan

Cathy Melgarejo

Any and all of Defendants' witnesses

All impeachment and rebuttal witnesses

**Plaintiff's Exhibits and Defendants' Objections**

Ex. 1    Plaintiff's payroll records (January 13, 2003-June 19, 2003)
         No Objections

Exh. 2   Plaintiff's written agreement signed by Plaintiff and Defendants
         on January 10, 2003
         No Objections

Exh. 3   Moshe Kamhaji's memo dated June 10, 2003
         No Objections

Exh. 4   Plaintiff's resume
         No Objections

Exh. 5   Undated 2 page memo re: JPT's joint venture with Timepiece
         (mission statement)
         No Objections

**Defendants' Exhibits and Plaintiff's objections**

Plaintiff's payroll records (January 13, 2003-June 19, 2003)
No objections

Plaintiff's written agreement dated January 10, 2003
No objections

Plaintiff's written agreement dated January 13, 2003
R, H, A

Ryan Waring/Watch R' Deals written agreement
R, H, UP

Plaintiff's resignation letter dated June 19, 2003
R, H, UP

8

   Moshe Kamhaji's memo dated June 10, 2003
   No Objections

   Alarm system activity printout (January 1, 2003-June 30, 2003)
   Objection - not provided during discovery


| For Defendants: | For Plaintiff: |
| --- | --- |
| /s Nicolas A. Manzini | /s Gary A. Costales |
| Nicolas A. Manzini | Gary A. Costales |
| Florida Bar No. 248827 | Florida Bar No. 0948829 |
|  | Law Office of |
| Manzini & Associates, P.A. | Gary A. Costales, P.A. |
| 169 E Flagler Street, # 1500 | 1401 Brickell Avenue, Suite 825 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Manzinilawoffice@aol.com | Costalesgary@hotmail.com |
| (305) 577-9903 | (305) 779-8102 |

9